## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

_____

Jeremy Wicke
John Perry

On Behalf of Themselves and All
Others Sharing a Common Interest

     v.                                  Case No. 12-CV-638

L & C Insulation, Inc.,                DEMAND FOR JURY TRIAL

_____

## COMPLAINT
_____

Plaintiffs, by their attorneys, for their complaint against Defendant L & C Insulation state as follows:

1.     This is an action by the Plaintiffs, who are former employees of L & C Insulation, Inc. ("L & C") to seek redress for L & C's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., Chapter 109 of the Wisconsin statutes, as well as the Wisconsin prevailing wage laws, Wis. Stat. §§66.0903 and 103.49.  The Plaintiffs seek to bring certain of their Chapter 109 claims against L & C as class actions pursuant to Rule 23, Federal Rules of Civil Procedure.  Plaintiffs demand a jury trial on all claims for which a trial by jury is appropriate.

### JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiffs allege violations of the FLSA, 29 U.S.C. §201 et seq.

3.    This Court has supplemental jurisdiction over the Plaintiffs' claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they form part of the same case or controversy as the aforementioned federal law claims.

4.    This Court has personal jurisdiction over Defendant L & C Insulation because the Defendant maintains its principal place of business in La Crosse County, Wisconsin within this district.  The acts giving rise to the claims alleged occurred in this state and the majority of the acts occurred in this district.

5.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) & (c) because a substantial part of the events giving rise to the claims described herein occurred in this district and Defendant may be found within this district.

## THE PARTIES

6.    Defendant L & C Insulation is a corporation organized and existing under the laws of the State of Wisconsin.  Defendant's principal place of business is 3120 Airport Road in La Crosse, Wisconsin.  L & C is an employer within the meaning of Wis. Stat. §109.03(1).  L & C is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, working on construction projects outside Wisconsin, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, and entering into contracts directly or indirectly with non-Wisconsin customers.   At all relevant times, L & C has had annual gross volume of business at or above $500,000.  During the past two years, at least 50 insulators have worked for L & C.

2

7.    Plaintiff Jeremy Wicke is an adult resident of the State of Wisconsin, and a former insulator employed by L & C Insulation. Pursuant to the consent forms attached as exhibit 1 to this complaint, Plaintiff Wicke has consented to participate in the Fair Labor Standards Act and prevailing wage claims raised in this complaint.

8.    Plaintiff John Perry is an adult resident of the State of Wisconsin, and a former insulator employed by L & C Insulation. Perry resides at 231 Bullard Court in Menasha, Wisconsin.  Pursuant to the consent form attached as a part of exhibit 1, Plaintiff Perry has consented to participate in the Fair Labor Standards Act and prevailing wage claims raised in this complaint.

**COUNT I.    Failure to Pay For Class Attendance in Violation of Federal Law.**

9.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 - 8 of the complaint.

10.    During the course of their employment, the Plaintiffs were required to attend unpaid training, in addition to some paid training.  L & C notified the Plaintiffs of the time and location for each unpaid training session.  The unpaid training was not a hiring prerequisite that the Plaintiffs were permitted to fulfill subsequent to their hiring by L & C.  Plaintiffs' eligibility for wage increases was contingent upon their acceptable attendance at unpaid training.

11.    When Plaintiffs were hired by L & C Insulation, they were told that they were apprentices.   However, the Plaintiffs were never indentured apprentices recognized by the State of Wisconsin. Since L & C did not employ enough journeymen to employ the Plaintiffs as apprentices pursuant to the journeymen apprentice ratio

3

required by the State of Wisconsin.  Because Plaintiffs were not indentured apprentices recognized by the State of Wisconsin L & C was not authorized by law to require the Plaintiffs to attend training on an unpaid basis as a part of a bona fide apprenticeship program.

12.     L & C was required by the administrative regulations and common law developed under the FLSA to treat each and every hour of mandatory training attended by the Plaintiffs as hours worked and to pay overtime after 40 hours of time worked, with the training time counted as work time.   L & C violated 29 U.S.C. §207 by failing to pay to the Plaintiffs all of the overtime pay they should have received, had it counted their hours of attending unpaid training as hours worked.

**Count II.  Failure to Pay for Class Attendance in Violation of Wisconsin Law**.

13.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-12 of the complaint.

14.     Since L & C required the Plaintiffs to attend unpaid training by conditioning their eligibility for wage increases upon their training attendance, pursuant to the administrative regulations promulgated by the Wisconsin Department of Workforce Development, L & C was required to treat the hours of the Plaintiffs' attendance at unpaid training as hours worked.  DWD §272.12(2)(f)

15.     L & C paid the employees at their shop rate for all hours worked, with the exception of when they worked on prevailing wage projects or were driving.  When L & C did pay its employees to attend training, it paid employees for time spent attending training at their regular shop rate.

4

16.     L & C's failure to pay to its Plaintiffs wages at their regular shop rate for each and every hour of training they were required to attend is a violation of DWD §272.12(2)(f) and Wis. Stat. §109.03(1).   L & C additionally violated Wis. Stat. §109.03(1), DWD §272.12(2)(f) and §274.03 by failing to treat each hour of Plaintiffs' mandatory unpaid training as hours worked, for the purpose of calculating the Plaintiffs' entitlement to overtime pay.

**COUNT III.  Travel Time Under Federal Law.**

17.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 - 16 of the complaint.

18.     Employees were required by L & C to attend training in La Crosse, Wisconsin.  Many of the trips to La Crosse for training involved an overnight stay.  L & C frequently made arrangements for motel rooms for the Plaintiffs near the training site, where they could stay on the night before or the night of the training sessions.  L & C therefore knew, because of the distance between the Plaintiffs' residences or jobsites and the locations for their training, that the Plaintiffs' travel to the mandatory training sessions often involved an overnight stay in La Crosse, Wisconsin.

19.     When the Plaintiffs drove to and from La Crosse, Wisconsin for their training, their first two hours of travel time each way were not paid.  L & C violated 29 C.F.R. §785.39 by failing to treat all of the Plaintiffs' driving time to and from training as hours worked when the travel kept them away from home overnight.  Additionally, L&C violated 29 C.F.R. §785.39 by failing to treat Plaintiffs' travel time as hours worked when

5

they rode rather than drove, when the travel time was within their regularly scheduled work hours.

20.     L & C also required the Plaintiffs to work at jobsites that necessitated their overnight stay near the jobsites.  On trips between home to job assignments requiring an overnight stay L & C did not recognize the Plaintiffs' first two hours of travel time each way as hours worked if they were driving.  L & C also did not recognize the Plaintiffs' first two hours of travel time each way as hours worked if they were riding during regularly scheduled hours; and did not recognize any of Wicke's travel time as hours worked when he was riding with a supervisor to an overtime assignment during his regularly scheduled working hours.

21.     Pursuant to 29 C.F.R. §785.38 Plaintiffs were entitled to be paid in full for their travel time if they travelled from one location where they performed work or had training to another location where they performed work or had training, regardless of whether the trip involved an overnight stay away from home.  L & C violated 29 C.F.R. §785.38 by failing to treat as hours worked the first two hours of the Plaintiffs' travel time when they departed from a jobsite for training in La Crosse.

22.     L & C violated the FLSA by its failure to treat the Plaintiff's travel time as hours worked for the purpose of calculating their entitlement to overtime pay, through the payroll practices described in paragraphs 19-21 of the complaint.

**COUNT IV.  Travel Time Under Wisconsin Law.**

23.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-22 of the complaint.

6

24.     Pursuant to DWD §272.12(2)(g)6, all travel time away from the home community for business purposes that occur for the benefit of the employer is considered hours worked.  Unlike regulations under the Fair Labor Standards Act, §272.12(2)(g)6 does not require an overnight stay away from home.  All of the Plaintiffs' drive time between their home communities and an out of town jobsite where they performed work for L & C therefore must count as hours worked, regardless of whether they stayed overnight near the jobsite.  Similarly, since the Plaintiffs' paid and unpaid training are for the benefit of L & C and for business purposes, all of the Plaintiffs' travel time to and from training in La Crosse, Wisconsin must be considered hours worked.  L & C violated DWD §272.12(2)(g)(6) and Wis. Stat. §109.03(1) by failing to count the Plaintiffs' first two hours of travel each way as hours worked.

25.     L & C applied a uniform policy whereby on work trips between home and out of town job/training sites, the employee who was driving was not paid for two hours of drive time each way, while employee(s) who were riding would not be paid for their first two hours of riding time each way if they were riding with co-workers, and were not paid for any of their riding time if they were riding with a supervisor.   L & C's uniform policy violated DWD §272.12(2)(g)6, which required it to treat all hours spent traveling on a trip away from the Plaintiffs' home communities as hours worked since the travel was for business purposes, and for the benefit of the employer, in that the Plaintiffs were traveling to work or training for, and as required by L & C.

26.     Plaintiffs seek to represent a class of L & C employees who, during the past two years, were not paid for their driving and riding time as described in

7

paragraphs 25 of the complaint.  The Plaintiffs' entitlement to all wages required by Wisconsin law cannot be waived by any agreement with L & C.  §109.03(5) Wis. Stats.

27.     By the payment practices described in paragraphs 21 of the complaint, L & C violated DWD §272.12(2)(g)5, which requires the employer to compensate the Plaintiffs for all of their travel time between work and training sites.  The Plaintiffs' return trip from La Crosse back home must be paid as travel away from the home community under §272.2(2)(g)6, as a part of the class action claim referenced in paragraphs 24-26 of the complaint.

28.     L & C violated Wisconsin law by failing to compensate the Plaintiffs for all of their compensable hours of travel time to and from training and other assignments and by failing to count each and every of the Plaintiffs' compensable hours of travel time to and from training as hours worked, for the purpose of determining their entitlement to overtime pay.

29.     L & C owes to the Plaintiffs all travel and overtime pay they should have received, had it properly counted their hours of travel time as hours worked.

**COUNT V:  Study Time Claim Under Federal Law.**

30.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1- 29 of the complaint.

31.     At the end of many of the training sessions that L & C required its employees to attend, the Plaintiffs received reading assignments consisting of new material that they were required to complete and learn prior to the beginning of the next class.  During the next class, the Plaintiffs were tested on the materials that they were

8

supposed to read.  The Plaintiffs could not pass the tests without spending time to complete and study the reading assignments.

32.     If the Plaintiffs were unable to pass the test, they were required to retake the test until they passed.  L & C made the Plaintiffs ineligible to receive wage increases until they passed the tests.

33.     L & C also required employees to complete take-home tests.  The Plaintiffs were required by L & C to pass the take home tests; and were ineligible to receive wage increases unless they completed and passed the take-home tests.

34.     The Plaintiffs were not afforded time during class time or paid work time to learn the reading assignments to prepare for in-class tests, or to complete the take-home tests.

35.     Frequently the materials that L & C required the Plaintiffs to learn to pass in-class tests or take-home tests concerned the Plaintiffs' existing jobs as insulators for L & C and were designed to enable the Plaintiffs to perform their existing jobs more efficiently and safely.

36.     Since the employees' completion of homework and the learning of new materials for tests constituted mental exertion required by L & C, and were primarily for L & C's benefit in that the studying enabled the Plaintiffs to more effectively perform their existing jobs with L & C, and the Plaintiffs were not bona fide apprentices, all of the time that the Plaintiffs spent performing reading assignments and reviewing new materials to prepare for in-class tests or to complete home tests (hereinafter "Studying Time") constitute work time within the meaning of the Fair Labor Standards Act.

37.    By failing to count all of the Plaintiffs' Studying Time as hours worked for determining the Plaintiffs' entitlement to overtime pay, L & C violated 29 U.S.C. §207.

**COUNT VI:  Study Time Under Wisconsin Law.**

38.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-37 of the complaint.

39.    Since L & C required the Plaintiffs to read and study and the subjects of the studying were directly related to the Plaintiffs' jobs, and the reading/studying requirements were not a part of a bona fide apprenticeship program, the Plaintiffs' Study Time constituted hours worked within the meaning of DWD §272.12(1), and/or compensable training time within the meaning of DWD §272.12(2)(f).

40.    By failing to compensate the Plaintiffs at their regular shop rate for each and every hour of Studying Time, L & C violated Wis. Stat. §109.03(1).  L & C additionally violated Wis. Stat. §109.03(1), DWD §272.12(f) and §274.03 by failing to treat each hour of studying time for the Plaintiffs as hours worked, for the purpose of calculating the Plaintiffs' entitlement to overtime pay.

**COUNT VII.  Underreporting Overtime Hours In Violation of Federal Law.**

41.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1- 40 of the complaint.

42.    At all times relevant to the complaint, the Plaintiffs were instructed to contact L & C supervisors when they were about to work more than 40 hours during a week, pursuant to L & C's requirement that employees receive supervisory approval prior to working overtime hours.  L & C supervisors regularly instructed the Plaintiffs to

complete their work which resulted in them working more than 40 hours during the week, but further instructed the Plaintiffs to record fewer hours on their time sheets than they had actually worked during the week.

43.    L & C then credited the Plaintiffs' unreported hours  which they had worked as personal time.  Thereafter, the Plaintiffs were paid at the rate of one hour of pay at the shop rate per hour of banked unreported overtime worked.  The Plaintiffs did not always actually take time off from work corresponding to the number of hours of personal time for which they were paid.

44.    L & C's repayment of personal time to the Plaintiffs was not bona fide compensatory time off, since L & C is a private employer that is not permitted by the FLSA (see 29 U.S.C. §207(o)) to use compensatory time in lieu of monetary compensation to pay its employees for their overtime hours worked.  L & C additionally failed to provide the Plaintiffs with a full 1.5 hours of time off per each hour of worked and unpaid overtime, as it would be required to do pursuant to a bona fide compensatory time program.

45.    L & C violated 29 U.S.C. §207 by causing the Plaintiffs to under-report their overtime hours worked which in turn deprived the Plaintiffs of overtime pay that they were entitled to receive under the FLSA.

**COUNT VIII. Class Action Wisconsin Law Claim for Underreporting Overtime.**

46.    Plaintiffs incorporate by reference paragraphs 1-45 of the complaint.

47.    Paragraphs 42-44 of the complaint describe a uniform policy of L & C to direct its employees to under-report the number of overtime hours worked; and then

compensate employees for their unreported overtime hours worked with personal time during subsequent weeks on an hour-for-hour basis paid at the employees' regular shop rate of pay.

48.     Under Wis. Stat. §109.03(5) no policy or agreement between the employees and management can alter management's obligation to pay employees all wages required by law, including monetary compensation at 1.5 times the employees' regular rate for all of the employees' hours worked over forty (40) hours a week.

49.     Through the application of its uniform policy, L & C violated Wisconsin law, which does not permit private employers, such as L & C, to use compensatory time off to pay the employees for their overtime hours worked.  L & C violated Wis. Stat. §109.03(1), DWD §272.12(f) and §274.03 by failing to comply with its non-waivable obligation to pay monetary compensation, at time and a half the employees' applicable rate, per each hour of overtime worked.  Plaintiffs therefore seek to represent a class of current and former L & C employees who should have received additional overtime pay, but for L & C's application of its uniform policy to pay the employees one hour of personal time at their straight time shop rate, per each hour of unreported overtime worked.

**COUNT IX.   Failure to Correctly Calculate Overtime Pay Under Federal Law.**

50.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-49 of the complaint.

51.     In addition to failing to pay overtime for hours worked in excess of  forty (40) hours per week by directing under reporting, L & C also failed to pay to the

12

Plaintiffs overtime pay for all overtime hours worked that are shown on their paychecks, in violation of 29 U.S.C. §207.

52.     The Plaintiffs are therefore entitled to all overtime pay that they would have received, had L & C complied with the FLSA by paying them at time and a half of their regular rate, for each hour of acknowledged overtime worked.

**COUNT X.  Failure to Correctly Calculate Overtime Pay Under Wisconsin Law.**

53.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-52 of the complaint.

54.     Plaintiffs seek to represent a class of all current and former L & C employees, who did not receive overtime pay for their each and every hour worked over 40 hours during the week, which are acknowledged as worked on their paychecks.

55.     L & C violated Wis. Stat. §109.03(1) and DWD §274.03 by its failure to pay the putative class, at one and a half times their regular rate of pay, for all of their acknowledged hours worked over 40 hours per week.

56.     Just like other L & C employees, the Plaintiffs frequently received compensation at multiple rates during the week, which may include one rate on prevailing wage projects, a lower shop rate for non-prevailing wage projects and other non-driving work, and the minimum wage for travel time when it was paid.

57.     When it paid overtime, L & C maintained a uniform policy of calculating the employees' overtime pay with the rate for the specific work that they performed during overtime hours, rather than paying a blended rate calculated by dividing the employees' total non-overtime compensation for the week by their total number of hours worked for

the week.   The blended rate often exceeded the rate for the specific work that the employees performed during overtime hours.

58.   Under Wisconsin law, all overtime compensation for the employees' overtime worked, other than their overtime hours worked on prevailing wage projects, must be calculated using the employees' regular rate of pay, which is in turn defined by the Wisconsin Department of Workforce Development, the agency in charge of administering Chapter 109 of the Wisconsin statutes, as the average wage rate that the employee received during the work week.

59.   L & C is required to use a blended rate calculated by dividing the employees' total non-overtime compensation for the week by their total number of hours worked for the week to compensate the Plaintiffs for all of their non-prevailing wage overtime hours worked since no agreement between the employees and L & C can waive the employees' right to receive all wages required by law, see Wis. Stat. §109.03(5).  L & C violated Wisconsin law by using the lower shop or drive time rate, rather than the blended rate, to compensate its employees' overtime hours worked.

60.   Plaintiffs seek to represent a class of all current and former L & C employees who, during the past two years, had their overtime pay calculated using a rate lower than the blended rate that they earned during the work week.

61.   The employees are entitled to all additional pay they would have received, had L & C used their blended hourly rate for the week to calculate the amount of overtime pay that they should have received.

## COUNT XI.  Violation Of Wisconsin Prevailing Wage Laws.

62     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1-61 of the complaint.

63     Pursuant to Wisconsin prevailing wage laws, every time that L & C worked on a project on which Wis. Stat. §§66.0903 or 103.49 is applicable, the Wisconsin Department of Workforce Development conducts a survey to determine the amount of wages and fringe benefits that must be paid on the project for each trade.  Employers such as L & C must then pay to its employees the total package of compensation required by the prevailing wage determination, for each hour its employees in the appropriate trade worked on the prevailing wage project.

64.    If an employee is not paid bona fide fringe benefits for his hours of labor on a prevailing wage project, he must be paid in cash for the value of the unpaid fringe benefits.   An employer may use fringe benefit contributions to offset its obligation to pay the full amount of prevailing wages and benefits required by the DWD determination, only if the fringe benefits were paid to a trustee or third party pursuant to a bona fide employee benefit plan fund or program, or pursuant to an unfunded plan that meets all the requirements of DWD §290.01(10)(c).

65   L & C never made a written commitment to provide any personal days, holidays, or apprenticeship benefits to the Plaintiffs.   The documents that L & C distributes to its employees referring to holidays and personal days explicitly state that they are not contracts.   L & C's contributions for holidays, personal days, and apprenticeship therefore are not bona fide unfunded plans under DWD § 290.01(10)(c).

15

66.    L & C claimed that the Plaintiffs' pay rate on prevailing wage projects was reduced by personal days and holidays and apprenticeship.  Contributions for personal days, holidays, and apprenticeship were not made to a neutral third party or trustee pursuant to a bona fide  fringe benefit fund plan or program within the meaning of DWD §290.01(10)(a) and (b).  L & C therefore cannot use its alleged personal, holiday, and apprenticeship contributions to offset its obligation to pay prevailing wages to the Plaintiffs.

67.    In order to be a bona fide fringe benefit, contribution must be made on behalf of the specific employee who performed work on the prevailing wage project. While L & C claimed an apprenticeship deduction to justify paying the Plaintiffs less for their work on prevailing wage projects, it did not make any contributions to a bona fide plan or program administering an apprenticeship program on behalf of the Plaintiffs. L & C also cannot claim that any funds it spent on apprenticeships can be attributable to the Plaintiffs when they were not apprentices recognized by the State of Wisconsin and did not benefit from any apprenticeship training that L & C provided.

68.    Moreover, L & C has never either distributed a written plan to provide apprenticeship training to the Plaintiffs or communicated to the Plaintiffs its plan for providing apprenticeship training to them, as required by DWD §290.01(10)(c) for unfunded plans.  L & C, therefore, cannot use a claimed apprenticeship contribution to offset its obligation to pay as wages to its employees the full amount required by the prevailing wage determination.

69.     Additionally, on prevailing wage projects L & C claimed different amounts for holiday pay, personal day, health insurance, and dental insurance contributions for each employee on each project.  The rates of contributions are also different, from the shop rate for holiday and personal day contributions that appear on the Plaintiffs' annual reviews. L & C used its fictitious personal day, holiday, health and dental contributions to offset its obligation to pay to the Plaintiffs, as wages, the total package of compensation required by the prevailing wage determinations.

70.     L & C violated Wisconsin state prevailing wage law by failing to pay Plaintiffs the full prevailing wage rate to which they were entitled, but instead deducted alleged amounts for fringe benefits which were fictitious and impermissible under state law because they did not meet the requirements of DWD § 290.01(10).

71.     Under Wisconsin's prevailing wage laws, all hours worked that are over 10 hours per day must be paid at time and a half the regular rate, even though the employees worked fewer than 40 hours for the week.  L & C supervisors unlawfully instructed the Plaintiffs to only record that they worked for 10 hours on prevailing wage jobs during a day when they in fact worked more than 10 hours on the prevailing wage job.   L & C then gave the Plaintiffs personal time hours equal to their number of unrecorded prevailing wage hours and paid the personal time hours at the lower shop rate and without the required half-time premium overtime pay.

72.     Similarly, when the Plaintiffs worked over 40 hours for the week, and the overtime hours worked were on a prevailing wage project, L & C would sometimes instruct the Plaintiffs to not report the overtime hours, and would instead credit the

Plaintiffs with one hour of personal time per hour of prevailing wage overtime worked. The personal time would then be paid at the employees' shop rate, and without the additional half-time premium overtime pay.

73.     L & C additionally violated Wisconsin's prevailing wage laws by paying the Plaintiffs at their regular shop rate for work that they should have received prevailing wage pay for; and by causing the Plaintiffs to underreport the number of hours of overtime that they worked on prevailing wage projects.  When the Plaintiffs did work overtime hours on prevailing wage projects, the prevailing wage overtime hours worked did not appear on the Plaintiffs' time cards or paychecks.  Rather, the time cards and paychecks may show that the Plaintiffs worked overtime hours at their shop rate, so that the Plaintiffs never received the overtime portion of prevailing wage pay for their overtime prevailing wage work.

74.     The Plaintiffs are therefore entitled to all additional prevailing wages they should have received if L & C properly credited them with all straight time and overtime hours worked on prevailing wage projects, and the entire prevailing wage rate was paid to them in cash.

**COUNT XII.  Declaratory Relief on Wisconsin Law Class Action Claims.**

75.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 – 74 of the complaint.

76.     To the extent the Court certifies the classes requested in the preceding paragraphs of the complaint, and the certified classes include current employees of L & C, there is a present and real controversy between L & C and the current employees

18

concerning whether L & C's practices with respect to the payment of travel pay and overtime pay to the Plaintiff Class complies with Wisconsin law.

77.     The Court has jurisdiction pursuant to Wis. Stat. §806.04 to enter a declaration that L & C's practices in failing to pay travel pay and overtime pay violated Wisconsin law since L & C's current employees have a legally protectable interest in receiving all pay that they are entitled to pursuant to Wisconsin law, the employees and L & C constitute adverse parties concerning the time for which Wisconsin law requires employees be compensated, and the controversy is ripe for adjudication.

### COUNT XIII.  Relief for Counts I through 12.

78.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1- 77 of the complaint.

79.     Pursuant to 29 U.S.C. §216, the Plaintiffs are permitted to bring this lawsuit against L & C to seek redress for L & C's violation of the FLSA; and are entitled to recover in the lawsuit, in addition to all unpaid wages pursuant to the FLSA, an equal amount as liquidated damages, as well as their attorneys fees and costs.

80.     L & C's violations of the FLSA were willful, and not in good faith within the meaning of the FLSA.  The Plaintiffs are entitled to recover all unpaid wages and liquidated damages owed under the FLSA for three years prior to the filing of this complaint.

81.     Pursuant to Wis. Stat. §109.03(5), the Plaintiffs are entitled to file a private cause of action against L & C to seek redress for each and every violation by L & C of Wis. Stat. §109.03(1) and regulations promulgated by the DWD.

82.     Pursuant to Wis. Stat. §109.03(6), the Plaintiffs are entitled to recover their actual costs and attorneys fees for prosecuting a Wisconsin law wage claim against L & C.

83.     Pursuant to Wis. Stat. §109.11(2)(b), the Plaintiffs are additionally entitled to 50% increased wages as liquidated damages, for L & C's violation of Wisconsin wage and hour laws.  To the extent, and without conceding that the filing of a wage complaint with the DWD is required to preserve the Plaintiffs' right to 50% increased wages, such a complaint was filed by the Plaintiffs prior to the filing of this complaint with the Court.

84.     Similarly, pursuant to Wisconsin's prevailing wage laws the Plaintiffs are entitled to an amount equal to the unpaid and owed prevailing wages as liquidated damages, plus their attorneys' fees and costs of prosecuting their prevailing wage claims.

85.     The class which Plaintiffs seek to represent is entitled to a declaratory judgment that L &C violated Wisconsin law as set forth in on Counts III, VIII and X of Plaintiffs' complaint.

**WHEREFORE**, the Plaintiffs respectfully request the Court to enter an order that:

1.      Requires L & C pay to them all wages owed to them pursuant to the FLSA for all times including the three years prior to the filing of this complaint, plus an equal amount of owed wages as liquidated damages, and their attorneys fees and costs of prosecution;

2.      Requires L & C pay to them all wages owed to them pursuant to Chapter 109 of the Wisconsin statutes for all times including the two years prior to the filing of

this complaint, plus 50% of all owed wages as liquidated damages, and their attorneys fees and costs of prosecution;

3.      Enters a declaration that L & C has violated Chapter 109 of the Wisconsin statutes as well as applicable provisions of the Wisconsin Administrative Code by failing to pay to its employees travel pay for their first two hours of travel each way on out of town trips, by using straight time personal time pay rather than overtime pay to compensate its employees for their overtime hours worked, by failing to pay its employees overtime pay when their payroll records acknowledge that they work more than 40 hours per week, and by failing to use a blended rate to compensate the employees for their overtime hours worked.

4.      Requires L & C pay to them all wages owed to them pursuant to the Wisconsin prevailing wage laws for all times including the two years prior to the filing of this complaint, plus an equal amount as all owed wages as liquidated damages, and their attorneys fees and costs of prosecution;

5.      Awards to Plaintiff and any class they are found to represent such other and further relief as the Court deems just and proper.

Dated:  August 30, 2012

 s/Yingtao Ho                                    
MARIANNE GOLDSTEIN ROBBINS
Wisconsin State Bar No. 1015168
YINGTAO HO
Wisconsin State Bar No. 1045418
The Previant Law Firm, s.c.
1555 N. RiverCenter Drive, #202
P.O. Box 12993
Milwaukee, WI  53212

Phone 414/271-4500
Fax 414/271-6308
mgr@previant.com
yh@previant.com

Attorneys for PLAINTIFFS