IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY WICKE, COLE KNUDSON,
and SHAWN SIMMONS,

                Plaintiffs,                OPINION & ORDER

    v.

                                            12-cv-638-wmc

L&C INSULATION, INC.,

                Defendant.

---

    In this civil action, plaintiffs Jeremy Wicke, Cole Knudson, and Shawn Simmons allege that defendant L&C Insulation Inc., violated the Fair Labor Standards Act, 29 U.S.C. § 201, as well as Wisconsin state law, by failing to compensate its employees for time spent in training, study, class and travel, and for failing to calculate overtime correctly.  Before the court is defendants' motion to dismiss, on several grounds.  (Dkt. #29.)[1]  For the reasons that follow, the court will reject defendant's motion to dismiss for lack of subject matter jurisdiction, finding that the Rule 68 offer of judgment did not moot Wicke's claims.  The court will, however, decline to exercise supplemental jurisdiction over the state law *class* claims, which moots defendant's challenge pursuant to

---

[1] Plaintiffs moved for leave to file a sur-reply on this motion, arguing that defendant raised several arguments for the first time in its reply brief. (Dkt. #91.)  As detailed in defendant's opposition to plaintiff's motion for leave to file a sur-reply, however, these same arguments were made in defendant's opening brief.  (Def.'s Opp'n (dkt. #94).)  Accordingly, the court will deny plaintiffs' motion for leave to file a sur-reply.

Federal Rule of Civil Procedure 8 to plaintiffs' class allegations.[2] Lastly, the court denies defendant's motion to dismiss any claim that it willfully violated the FLSA, finding that allegations sufficient to meet the requirements of Rule 8.[3]

PROCEDURAL POSTURE

Plaintiff Jeremy Wicke and former plaintiff John Perry filed the original complaint in this case on August 31, 2012. (Dkt. #1.) The original pleading, as well as the amended pleadings, all contain claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, along with claims under Wisconsin state law, Ch. 109 and Wis. Stat. §§ 66.0903, 103.49. For some of the state law claims, plaintiffs seek class certification pursuant to Fed. R. Civ. P. 23. Plaintiffs, however, do not seek to pursue their FLSA claims as a collective action under 29 U.S.C. § 216(b).

L & C Insulation tendered an offer of judgment to each of the original plaintiffs on October 31, 2012. Because Perry accepted the offer, judgment has already been entered in his favor. (Dkt. #34.) Defendant's letter to Wicke referenced Fed. R. Civ. P. 68 and provided that:

---

[2] In light of this determination, the court will also deny without prejudice plaintiffs' motion for class certification (dkt. #77) and will deny as moot their related motions to strike (dkt. ##117, 122).

[3] While defendant's motion to dismiss was pending, plaintiff filed a motion to amend the complaint to add two additional named plaintiffs, Cole Knudson and Shawn Simmons. (Dkt. #66.) Defendant initially opposed the motion, but subsequently withdrew its opposition in light of the parties' agreement as to certain depositions. Accordingly, the court will grant plaintiffs' motion to amend the complaint, making the Second Amendment Complaint (dkt. #67) the operative pleading. Accordingly, the court has altered the caption to reflect this change.

> [t]he offer is for a judgment in favor of Mr. Wicke and against Defendant in the amount of $10,000, plus the cost of this action and such reasonable attorney's fees and expenses as may be awarded to Wicke by the Court, pursuant to Fair Labor Standards Act and Wisconsin law. This offer, if accepted, would be in full and final resolution of all claims of Mr. Wicke in this matter.

(Pls.' Mot. to Stay Proceedings, Ex. 1 (dkt. #10-1) 1.) The letter also purports to make an "alternative" offer of judgment:

> (1) all wages owed to him pursuant to the FLSA for times including the three years prior to the filing of Mr. Wicke's Complaint, plus an equal amount of all owed wages as liquidated damages, and Mr. Wicke's attorney's fees and costs of prosecution; (2) all wages owed to Mr. Wicke pursuant to Chapter 109 of the Wisconsin statutes for time including the two years prior to the filing of Mr. Wicke's Complaint, plus 50% of all owed wages as liquidated damages, and Mr. Wicke's attorney's fees and costs of prosecution; and (3) all wages owed to Mr. Wicke pursuant to Wisconsin prevailing wage law for times including the two years prior to the filing of Mr. Wicke's complaint, plus an equal amount of all wages owed as liquidated damages, and Mr. Wicke's attorney's fees and cost of prosecution, all as determined by the Court under applicable law. This offer, if accepted, would be in full and final resolution of all claims of Mr. Wicke in this matter.

(*Id.*)

Wicke accepted neither offer. Instead, on November 13, 2012, Wicke filed a motion for class certification pursuant to Federal Rule of Civil Procedure 23.[4]

---

[4] Because the court declines to exercise supplemental jurisdiction over plaintiffs' putative class claims brought under Wisconsin law, the court does not recount the allegations in plaintiffs' pleadings relevant only to defendant's motion to dismiss pursuant to Fed. R. Civ. P. 8.

OPINION

Defendant seeks dismissal of all or part of plaintiffs' claims on three, separate grounds. First, the court lacks subject matter jurisdiction over Wicke's claims and over the class action claims, because defendant's offer of judgment satisfied his entire demand and the motion for class certification was filed after the offer of judgment was served. Second, the court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c), because the claims either substantially predominate over the federal claims or raise issues under Wisconsin law which differ substantially from federal law. Third, the court should dismiss plaintiffs' class claims and willfulness claim, because the allegations do not meet the pleadings requirements under Fed. R. Civ. P. 8 as interpreted by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

I. **Rule 68 Offer of Judgment and Mootness**

In support of defendant's argument that this action has been mooted by its offer of settlement, defendant principally points to the Seventh Circuit's holding that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 894-95 (7th Cir. 2011) (internal citation and quotation marks omitted). Wicke cannot and does not take issue with this controlling legal holding, but rather

4

contends that defendant's offer of judgment does not satisfy his entire demand as required by *Damasco*.

As an initial matter, there are actually two offers to consider. The court need not decide here whether making "alternative" offers itself complies with Rule 68, since neither complies standing alone. The court rejects defendant's second, "alternative" offer because its convoluted terms do not comply with Rule 68, which requires "specified terms." Fed. R. Civ. P. 68(a); *see also Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013) (criticizing offer of judgment which "would allow a defendant to force a plaintiff to guess the meaning of the offer;" finding such an interpretation not supported by Rule 68 or case law interpreting that rule).

That leaves only defendant's concrete offer of $10,000. While this offer certainly satisfies Rule 68's "specified terms" requirement, it does not offer to satisfy plaintiff's "entire demand," as required by *Damasco*. In its reply brief, defendant disputes each category of damages, arguing that a different rate applies or that an entire category of requested relief (*e.g.*, plaintiff's request for additional prevailing wage pay) should not be part of the calculation. In determining whether a plaintiff's "entire demand" is satisfied by the offer of judgment, the court does not determine the validity of plaintiff's demands. If anything, defendant's implicit admission that it need not compensate for specific categories of requested relief helps establish that plaintiff's entire demand is not satisfied. *See Smolinski v. Oppenheimer*, No. 11 C 7005, 2012 WL 2885175, at *2 (N.D. Ill. July 11, 2012) ("Defendants' offer does not include or even purport to include such damages, which means that it does not satisfy [plaintiff's] entire demand for relief and therefore

cannot moot [plaintiff's] claims." (citing *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 372-73 (4th Cir. 2012)).

Regardless of the parties' dispute over *specific* categories of damages, it is undisputed that should Wicke prevail, he would be entitled to liquidated damages of either 50% under the state law claims or 100% under the FLSA, keeping in mind that a three-year statute of limitations may also apply to Wicke's FLSA claims. Defendant provides a chart in its reply brief which lists the "claimed" amount for certain categories of damages. Even disregarding damages associated with certain trips and any time spent each morning reporting to the shop, both of which were arguably only added in his amended complaint, the claimed damages including the appropriate liquidated damages award exceeds $10,000. (*See* Def.'s Reply (dkt. #65) 16.) This damages calculation also does not take into account the fact that Wicke would be entitled to an award of reasonable attorney's fees and costs under the FLSA. *See* 29 U.S.C. § 216(b); *see also* Compl. (dkt. #1) ¶ 79 (seeking attorney's fees and costs). The court is, therefore, satisfied that Wicke's entire demand exceeds $10,000. Even if this were a closer call, any "ambiguities in a Rule 68 offer must be resolved against the offeror." *Sanchez*, 709 F.3d at 692 (citing *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392-93 (7th Cir. 1999)).

Defendant also argues that "an offer of judgment deprives [this court] of jurisdiction if it provides full relief as to the *federal* claims . . . without consideration of the state law claims." (Def.'s Opening Br. (dkt. #59) 10 (citing *Lousidor v. Am. Telecomm., Inc.*, 540 F. Supp. 2d 368 (E.D.N.Y. 2008)).) There are at least two problems with this

6

argument.  *First*, the *Lousidor* decision offers no support for this holding of law.  As here, the plaintiff in *Lousidor* asserted claims under both federal and state law.  Unlike here, however, there was no dispute that the "Rule 68 offer [] represents the full amount that Plaintiff could possibly recover in this action."  *Lousidor*, 540 F. Supp. 2d at 371.  As far as the court can tell -- and defendant has failed to direct the court to any contrary language in that decision -- the court in *Lousidor* did not hold that the Rule 68 offer of judgment only satisfied plaintiff's federal claims.  *Second*, defendant's offer of judgment here was made "in full and final resolution of *all* claims of Mr. Wicke in this matter." (Pls.' Mot. to Stay Proceedings, Ex. 1 (dkt. #10-1) 1 (emphasis added).)  Since the offer of judgment makes no attempt to divide this sum between the two types of claims, Wicke would have released his state law claims had he accepted the offer.

**II. Supplemental Jurisdiction Over State Law Class Claims**

Next, defendant urges the court not to exercise supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  For reasons unknown to the court, plaintiffs seek to bring certain of their state law claims as a class action, but not to pursue a collective action for their FLSA claims.  Section 1367(c) provides in pertinent part:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

7

> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

While the court agrees with plaintiffs that the substance of plaintiffs' state law claims roughly track with their federal claims, asserting those state law claims as *class* claims necessarily interjects the class certification process and all the complexity that adjudicating a class action entails. As such, the state law class claims would "substantially predominate" over plaintiffs' individual FLSA claims. Moreover, based on the additional effort of adjudicating a class action, "there are compelling reasons for declining jurisdiction." The court, therefore, will decline to exercise its jurisdiction over the state law class claims, though plaintiffs remain free to assert their own claims on an individual basis.

In reaching this result, the court has considered the Seventh Circuit's discussion of 28 U.S.C. § 1367(c) in *Ervin v. OS Rest. Servs., Inc.,* 632 F.3d 971 (7th Cir. 2011). In that case, the Seventh Circuit reversed the district court's decision to decline to exercise supplemental jurisdiction, finding error in the district court's conclusion that the state law class action substantially predominated over the FLSA collective action. There is an important difference in this case as compared to *Ervin*: plaintiffs here allege no FLSA collective action. Therefore, the need to consider liability and determine damages on a class-wide or collective basis is solely interjected by the state law class claims. *See also De La Riva v. Houlihan Smith & Co., Inc.*, 848 F. Supp. 2d 887, 890 (N.D. Ill. 2012) (distinguishing *Ervin* and declining to exercise supplemental jurisdiction over state law

8

class claims where there was no FLSA collective action). "[G]iven *Ervin's* implicit recognition that substantial predominance may be established by a significant enough disparity between the respective number of participants in a[ state law] class action and an FLSA *collective* action, it follows *a fortiori* that substantial predominance may be established by the more significant disparity between a[ state law] class action and an FLSA individual action" *Id*. at 891 (emphasis in original).

### III. Sufficiency of Pleadings under Rule 8
#### A. Class Claims

In light of the court's decision to decline to exercise supplemental jurisdiction over the putative state class action claims, the court need not address defendant's motion to dismiss the class claims pursuant to Federal Rule of Civil Procedure 8.[5]

---

[5] The court does note, however, that defendant's argument about basic pleading requirements is at best muddled and at worst plainly wrong. Defendant at least appears to assert that plaintiffs must somehow "show" that they meet the class action requirements under Rule 23 at the pleading stage: "L & C's Motion is directed to the threshold issue of whether Plaintiff has adequately **pled** all the requirements for class certification by **showing** that he meets those requirements." (Def.'s Am. Opening Br. (dkt. #59) 3 (bolding in original); *see also id.* at 5 ("Plaintiff's Amended Complaint fails to allege *or show* . . . ."); *id.* at 6 ("[T]he Amended Complaint fails to allege, *much less show* . . . .") (italics added).) No such requirement is necessary. Nor must plaintiffs expressly plead any empty allegation that "numerosity is met" or "commonality is met." Rather, plaintiffs must plead sufficient facts to demonstrate that it is "plausible" that the class action requirements can be met. *Iqbal*, 556 U.S. at 678.

B. **Willfullness**

Finally, defendant argues that conclusory allegations in the second amended complaint that L & C's violations of the FLSA were "willful and not in good faith" are inadequate.[6] An employer acts "willfully" if it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Taking the complaint as a whole, plaintiffs sufficiently allege that defendants acted in reckless disregard of the law in allegedly failing to pay its employees for required training, classes and travel, as well as failing to pay 1.5 times the appropriate rate for overtime. Whether plaintiffs will succeed in *proving* that L & C acted willfully is an issue for another day, but the court finds that the amended complaint sufficiently pleads the willfulness component of an FLSA claim.[7]

ORDER

IT IS ORDERED that:

1) Defendant L & C Insulation, Inc.'s motion to dismiss (dkt. #29) is GRANTED IN PART with respect to defendant's argument that the court should decline to exercise supplemental jurisdiction over plaintiffs' state law class claims AND DENIED IN PART in all other respects;

---

[6] A finding of "willfulness" is meaningful under the FLSA because it extends the two year statute of limitations to three years. 29 U.S.C. § 255(a).

[7] Plaintiffs also argue that they need not even plead "willfulness" because this issue only arises if defendant asserts a state of limitations defense, given that a complaint need not anticipate affirmative defenses. While this argument appears to have merit, the court need not reach it since plaintiffs' complaint viewed in its entirety sufficiently alleges that defendants acted willfully.

2) Plaintiffs' motion to amend the complaint (dkt. #66) is GRANTED, meaning that the operative pleading going forward will be the second amended complaint (dkt. #67);

3) Plaintiffs' amended motion to certify class under Rule 23 (dkt. #77) is DENIED without prejudice;

4) Plaintiffs' motion for leave to file a sur-reply brief (dkt. #91) is DENIED;

5) Defendant's motion to strike reply brief in support of plaintiff's motion for class certification (dkt. #117) is DENIED AS MOOT; and

6) Plaintiff's motion to strike reply brief in support of defendant's motion to strike (dkt. #122) is also DENIED AS MOOT.

Entered this 18th day of September, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge