IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY WICKE, COLE KNUDSON,
and SHAWN SIMMONS,

                              Plaintiffs,                        OPINION & ORDER

    v.

                                                       12-cv-638-wmc

L&C INSULATION, INC.,

                              Defendant.

---

      In this lawsuit, plaintiffs Jeremy Wicke, Cole Knudson and Shawn Simmons allege that defendant L&C Insulation, Inc., violated the rights of its employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and Wisconsin state law by failing to calculate overtime correctly and to pay for time spent in training, study, class and travel. The court recently granted defendant's motion to dismiss plaintiffs' state law *class* claims, finding that these claims substantially predominate over plaintiffs' *individual* federal claims. (9/18/13 Op. & Order (dkt. #124) 7-9 (citing 28 U.S.C. § 1367(c).) Plaintiffs now seek leave to amend their complaint to add an FLSA collective action, to certify a collective action under the FLSA and to renew their motion to certify a class under Rule 23. (Dkt. ##125, 126.) For the reasons that follow, the court will deny plaintiffs' motion for leave to amend their complaint to assert an FLSA collective action, rendering moot plaintiffs' related motion to certify a class under Rule 23 and a collective action under the FLSA.[1]

---

[1] Defendant's motion to stay briefing on class certification and FLSA collective action conditional certification (dkt. #134) is also rendered moot by this decision.

PROCEDURAL POSTURE

Plaintiff Jeremy Wicke and former plaintiff John Perry filed the original complaint in this case on August 31, 2012. (Dkt. #1.) After receiving extensions to answer, move or otherwise respond, defendant L&C Insulation, Inc., filed a motion to dismiss on November 21, 2012, asserting, among other arguments, that this court should decline to exercise its supplemental jurisdiction over the state law class claims. (Br. in Supp. Mot. to Dismiss Original Compl. (dkt. #14) 17-20.) Defendant's motion to dismiss was mooted by plaintiffs' filing of an amended complaint on December 12, 2012. (Dkt. #17.) In response to the amended complaint, defendant renewed its motion to dismiss, again arguing that the court should decline to exercise its supplemental jurisdiction over any state law class claims. (Br. in Supp. Mot. to Dismiss 1st Am. Compl. (dkt. #30) 5.) As a result of confusion about the status of pending motions, the court reset briefing on the motion to dismiss this first amended complaint. Once again, in its amended brief submitted on March 8, 2013, defendant urged this court to decline to exercise jurisdiction over plaintiffs' pendent state law claims. (Def.'s Am. Br. (dkt. #59) 11; *see also* Def.'s Reply (dkt. #65) 18.) On March 27, 2013, plaintiffs filed a *second* amended complaint adding two new named plaintiffs, while still not asserting any collective action under the FLSA.

On September 18, 2013, the court granted defendant's motion to dismiss in part, declining to exercise supplemental jurisdiction over plaintiffs' state law class claims. On September 20, 2013, over one year after plaintiffs initiated this lawsuit and over 10 months after defendant first asserted an argument against the court's exercise of

supplemental jurisdiction over the state law class claims pursuant to 28 U.S.C. § 1367(c), plaintiffs move for leave to amend their complaint to add an FLSA collective action claim. (Dkt. #125.)

OPINION

Granting plaintiffs' motion to amend its complaint would necessarily require amendment to the scheduling order established for this case. As plaintiffs acknowledge by simultaneously filing a motion for certification of an FLSA collective action, additional time would need to be built into the schedule to accommodate FLSA's two-step collective action process. *See Austin v. Cuna Mut. Ins. Soc'y*, 232 F.R.D. 601 (W.D. Wis. 2006). Accordingly, plaintiffs' motion for leave to amend the complaint requires a showing of good cause under Fed. R. Civ. P. 16(b)(4).

Plaintiffs fail to offer *any* reason, let alone good cause, for their failure to allege a FLSA collective action in a timely manner, beyond their being unaware of the "need" to raise such a claim before the court found their state law class action claims predominated over any individual FLSA claim. This does not constitute good cause.

Even if a showing of good cause under Rule 16 were not required, leave is still "inappropriate" under Rule 15(a) "where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)). Many of

these factors are present here. While plaintiffs acted swiftly in seeking leave to amend *after* the court issued its decision on the motion to dismiss, plaintiffs have been on notice since at least November of 2012 of defendant's intent to challenge the court's exercise of supplemental jurisdiction over their alleged state law class claims. Nonetheless, plaintiffs amended their complaint *twice* without adding an FLSA collective action despite these challenges. Perhaps plaintiffs considered defendant's argument under 28 U.S.C. § 1367(c) to be a losing one, but it was plaintiffs' choice to bank on the court rejecting defendant's argument rather than timely amending the complaint to add an FLSA collective action and moot the argument.

The court is sympathetic to plaintiffs' express concern about prejudicing the putative class members by potentially limiting the period for which they can receive relief. Still, this concern does not justify amending the pleading at this stage. Any statute of limitations as to the state law class claims would have been tolled, at least while they were pending in this lawsuit. *See Am. Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974) (holding "that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action").[2]

---

[2] The court also rejects plaintiffs' argument that concerns about a different court adjudicating state law class claims warrant this court taking up class claims as part of the present action. This concern would be true anytime the court denies leave to proceed on a related claim because of undue delay in bringing the amendment.

4

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion for leave to amend their complaint (dkt. #125) is DENIED;

2) Plaintiffs' motion to certify a class under Rule 23 and a collective action under the FLSA (dkt. #126) is DENIED as moot; and

3) Defendant's motion to stay briefing on class certification and FLSA collection action certification (dkt. #134) also is DENIED as moot.

Entered this 8th day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge