State of Wisconsin
Department of Workforce Development
Equal Rights Division
Labor Standards Bureau

Labor Standards Information Series
**Wisconsin Hours of Work and Overtime Law**

**The information in this brochure should be regarded as only a summary of the overtime regulations. You are urged to contact the division for more details as they apply to a specific situation.**

### OVERTIME COVERAGE
The state overtime law applies to most Wisconsin employers, including state and local units of government but not necessarily to each individual worker. Covered workers, regardless of age, must be paid 1 1/2 times their regular rate of pay for all hours worked in excess of 40 hours a week.

The law applies to factories, mercantile (see definition of mercantile) or mechanical establish-ments, restaurants, hotels, motels, resorts, beauty parlors, retail and wholesale stores, laundries, express and transportation firms, telegraph offices and telephone exchanges.

"Mercantile" means, "pertaining to merchants or trade," and is viewed with regard to profit or designed for profit; designed for mass appeal, emphasizing skill and subjects useful in business. "Trade" means the business or work in which one engages regularly, an occupation requiring manual or mechanical skill; the persons engaged in an occupation, business, or industry, dealings between persons or groups, the business of buying and selling or bartering commodities or services, to do business with, to have dealings, to give one thing in exchange for another.

Under the Wisconsin Child Labor regulation, 16 and 17-year-old minors may be employed more than 8 hours a day or 40 hours a week when school is not in session. They must receive one and one half times the regular rate of pay, for all hours worked in excess of 10 hours per day or 40 hours per week and that, they do not work in excess of 50 hours per week. The exception to this rule is that minors who are 14 to 17 years of age may be employed more than 50 hours per week in agriculture during peak periods.

### ESTABLISHMENTS EXEMPT FROM OVERTIME --- ALL EMPLOYEES:
1. Agriculture (farming) as defined WI Stats. 102.04(3)
2. Domestic service (in the private home of the employer)
3. Some non-profit organizations (contact the Division for specific information)
4. Federal agencies

### PERSONS EXEMPT FROM OVERTIME IN CERTAIN BUSINESSES AND CIRCUM-STANCES AS PROVIDED IN DWD 274.04

It is the intent of the department to interpret these exemptions to be consistent with any comparable federal statute or regulation in respect to the following employees:
**(1)** Persons whose primary duty consists of EXECUTIVE, ADMINISTRATIVE, or PROFESSIONAL WORK.
   (a) **"Executive"** means an employee employed in a bona fide executive capacity who meets the following criteria:
      1. Whose primary duty consists of the management of the enterprise or of a customarily recognized department or subdivision, in which he or she is employed; and
      2. Who customarily and regularly directs the work of 2 or more employees; and
      3. Who has the authority to hire or fire other employees or whose suggestions and recommendations about the hiring, firing, advancement or promotion or any other change of status of other employees will be given particular weight; and
      4. Who customarily and regularly exercises discretionary powers; and
      5. Who does not devote more than 20% (or in the case of an employee of a retail or service establishment who does not devote as much as 40%) of his or her hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in sub's. 1 through 4 provided, that this paragraph shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment, or who owns at least a 20% interest in the enterprise in which he or she is employed;
      6. Who is compensated for their services on a salary basis at a rate of $700 per month or more.

ERD-8298-PWEB (R. 01/2009)


EXHIBIT 7

    (b) **"Administrative"** means an employee employed in a bona fide administrative capacity who meets the following criteria:
        1. Whose primary duty consists of the performance of office or non-manual work directly related to management policies or general business operations of his or her employer or the employer's customers, or
        2. Who customarily and regularly exercises discretion and independent judgment; and
        3. a. Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity; or
            b. Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or
            c. Who executes special assignments and tasks solely under only general supervision; and
        4. Who does not devote more than 20% (or in the case of an employee of a retail or service establishment who does not devote as much as 40%) of his or her hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in subds. 1 through 3; and
        5. Who is compensated for his or her services on a salary or fee basis at a rate of $700 per month or more?

    (c) **"Professional"** means an employee employed in a bona fide professional capacity who meets the following criteria:
        1. Whose primary duty consists of the performance of:
            a. Work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or
            b. Work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee, or
        2. Whose work requires the consistent exercise of discretion and judgment in its performance; and
        3. Whose work is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical or physical work) and for which the product or the result accomplished cannot be standardized in relation to a given period of time; and
        4. Who does not devote more than 20% of his or her hours worked in the workweek to activities which are not an essential part of the work described in subs. (1) through (3); and
        5. Who is compensated for services on a salary or fee basis at a rate of $750 per month or more.

(2) Outside salespersons who spend 80% of their time away from the employer's place of business.
(3) Higher paid commission employees of retail and service establishments if a) 50% of earnings from commission, and b) time and one-half of minimum wage is received for all hours worked.
(4) Drivers, driver's helpers, loaders or mechanics of a motor carrier or a private or contract carrier who are covered under the provisions of Section 204 of the Motor Carrier Act 1935 as amended. Any employee of an employer engaged in the operation of a common carrier by rail and subject to the provisions of Part 1 of the Interstate Commerce Act as amended and any employee of a carrier by air subject to the provisions of the Railway Labor Act as amended.
(5) Drivers of taxicabs.
(6) Time spent in related classroom instruction by indentured apprentices need not be counted as work time for the purpose of computing overtime.
(7) Parts persons, salespersons, service managers, service writers, or mechanics selling or servicing automobiles, trucks, farm implements, trailers, boats, motorcycles, snowmobiles, other recreational vehicles or aircraft, when employed by a non-manufacturing establishment primarily engaged in selling such vehicles to ultimate purchasers.
(8) Any employee employed by an establishment, which is an amusement or recreational establishment because it does not operate for more than 7 months in any calendar year. Or if during the preceding calendar year, its average receipts for any 6 months of such year were not more than 33 1/3% of its average receipts for the other 6 months of such year. This rule shall be construed in such manner as to be in conformity with any comparable federal statute or regulation.
(9) Employees employed in agriculture including farming in all its branches, including, among other things, the cultivation & tillage of the soil, dairying, the production, cultivation, growing & harvest-ing of any agricultural or horticultural commodities, the raising of livestock, bees, furbearing animals, or poultry, & any practices

performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market.
(10) Employees employed in any motion picture theater.
(11) Employees of a hospital or other institutions primarily engaged in the care of the sick, the aged, the mentally ill or persons with developmental disabilities who reside on the premises may have an agreement between the employer and the employee before performance of the work for the purpose of overtime computation. A work period of 14 consecutive days is accepted in lieu of the workweek of seven consecutive days for purposes of overtime computation if time and one-half the regular rate of pay is paid for all hours worked in excess of eight hours per day and 80 hours within the 14-day period.
(12) Employees employed as a driver or driver's helper making local delivers, which are compensated for such employment based on trip rates or other delivery payment plan, if each plan has the general purpose and effect of reducing hours worked by such employees to, or below, the maximum workweek applicable to them.
(13) Employees employed in any funeral establishment.
(14) Any employee employed in the following forestry or lumbering operations, if the number of employees employed by the employer in the operation does not exceed 8:
 (a) Planting or tending trees, cruising, surveying or felling timber;
 (b) Preparing logs or other forestry products; or
 (c) Transporting logs or other forestry products to a mill, processing plant or railroad or other transportation terminal.
(15) Any employee who is a computer programmer, software engineer, or other similarly skilled worker, who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour, and whose primary duty is one of the following:
 (a) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications.
 (b) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.
 (c) The design, documentation, testing, creation or modification of computer program related to machine operating systems
 (d) A combination of the duties described in pars. (a), (b) and (c), the performance of which requires the same level of skills.

## COMMON QUESTIONS CONCERNING STATE OVERTIME REQUIREMENTS

1. **If an employer uses a bi-weekly pay period, can the employer pay its employees overtime pay for working in excess of 80 hours per pay period rather than for over 40 hours per week?**
No. In calculating overtime pay, the number of hours worked each week in the pay period must stand-alone. If an employee worked 35 hours one week and 45 hours the second week of a pay period, the employee would be due 5 hours of overtime premium pay for that pay period.

2. **Can an employer and an employee enter into an agreement to waive state overtime regulations?**
An employer and an employee do not have the authority to reach an agreement to waive a state law or regulation concerning overtime pay. Since federal law may also require an employer to pay its employees overtime pay, it should be noted that a modification or waiver of state overtime rules would not exempt the employer from any federal overtime requirement.

3. **If an employee works overtime hours that were not authorized by the employer, is the employer required to pay the employee for these hours?**
Yes. Work not requested but suffered or permitted is work time. It is the duty of management to exercise control and see that work is not performed if the employer does not want it to be performed. An employer cannot sit back and accept the benefits without compensating employees for them.

4. **Can an employer use a compensatory time plan to reimburse employees who work overtime hours instead of paying overtime pay to these workers?**
Whether an employer chooses to pay the overtime premium directly in wages or offers the employee compensatory time, the employer is obligated to pay the person 1 ½ times their regular rate of pay for the overtime hours. If the employer pays the overtime premium by allowing the employee to use compensatory time the employee is entitled to use 1 ½ hours of compensatory time for each overtime hour worked. Non-government employers must also ensure the employee uses the compensatory time within 31 days of when the time is earned.

### 5. Must an employer give its employees meal or rest breaks during a work shift?

Employees under 18 years of age must receive at least a 30-minute duty free meal period when working a shift greater than 6 hours in duration. Section DWD 274.02(2) recommends that employers provide similar breaks to adults but does not require such breaks for adults. If an employer provides breaks of less than 30 consecutive minutes in duration, the break time will be counted as work time.

Employers must pay all employees for "on duty" meal periods. An "on duty" meal period is one where the worker is not provided at least 30 consecutive minutes free from work, or where the worker is not free to leave the premises of the employer during a meal period.

Employers also are not allowed to require that meals be accepted as part of the worker's wages.

State law does **not** require that brief rest periods, or coffee breaks, be provided to employees. Such matters are to be determined between the employer and the employee directly.

Rest periods or breaks of less than 30 consecutive minutes each shift are considered work time and must be paid for. Employers may not deduct from a worker's wages for any time off less than 30 consecutive minutes.

### CALCULATING OVERTIME COMPENSATION:

Each employer subject to Wisconsin's overtime regulations must pay to each covered employee 1 1/2 times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

"Week" means a calendar week or a regular reoccurring period of 168 hours in the form of seven consecutive 24-hour periods.

Adults may work an unlimited number of hours per day and per week, as the law sets no limits.

The employer has the legal right to set the schedule of hours to be worked and the employee does not have the right to refuse to work unless otherwise negotiated in a collectively bargained agreement.

"Regular rate" includes all remunerations paid to or on behalf of the employee such as commissions, non-discretionary bonus, premium pay, and piecework incentives.

"Regular Rate of Pay" is defined as the employee's rate of pay per hour. An employer may choose to pay employees on a salary, commission, piece rate or other basis, but for purposes of calculating overtime pay for an employee, the employee's wages must be converted into an hourly rate of pay. This can be accomplished by dividing the total hours an employee actually works in a pay period into the total regular wages the employee is paid in that pay period (regular wages would include hourly wages, commission, piece rate pay, bonuses, etc.)

**Example:**
The employee earns a salary of $200.00 per week plus commission. In this week, the employee worked 44 hours and earned a commission of $45.00. Total wages earned in that week total $245.00. The $245.00 becomes straight time for the 44 hours worked. The 44 hours are then divided into the $245.00 to arrive at the regular average hourly rate of $5.57 per hour. The $5.57 is then divided in half, $2.785, to arrive at the half time rate. Then the 4 hours of over-time (44 hours minus 40 equals 4 hours of over-time), times $2.785 equals an additional $11.14 in overtime wage due in this week. Therefore, the total wages to be paid for that week equals $245.00 plus $11.14, for a total of $256.14.

### WISCONSIN'S PREVAILING WAGE RATE LAWS:

Wisconsin has three (3) separate prevailing wage rate laws. Each law covers a different type of project. Section 103.49 covers all types of projects bid by the state, except highway and related projects; Section 103.50 covers all highway and related projects bid by the state; and Section 66.293 covers all projects bid or negotiated by a local governmental unit in the state. All workers that perform manual labor on the site of projects covered by these laws must receive the "prevailing wage rate" for the work they perform.

Each of these laws requires that all workers must receive at least time and one-half for all work performed in excess of 10 hours a day on Monday through Friday. All workers must also receive at least time and one-half for all work performed in excess of 10 hours a day and for all work performed on Saturday, Sunday and six (6) legal holidays (News Years Day, Memorial Day, July 4th, Labor Day, Thanksgiving Day and Christmas Day).

Workers covered by these laws must also receive at least time and one-half for all work performed in excess of 40 hours in any calendar week on the site of a project covered by these laws.

Daily overtime is not required on projects subject only to the federal Davis-Bacon Act. If a project is subject to both the state and federal laws, daily overtime must be paid.

## NUMBER OF DAYS OF WORK:
Employers can set the hours and days of work, they wish their employees to work. In factories and mercantile establishments, Wisconsin sets limits in which employees must have one day of rest somewhere in a seven-day workweek, by the "One Day of Rest in Seven" law. This law also exempts certain specific employments from coverage. The department can explain to you which jobs are exempted.

The law provides that all employees in those covered establishments must be given 24 consecutive hours of rest in each calendar week.

However, the law does not provide that the rest must be given every 7 days. For example, an employer may legally schedule work for 12 consecutive days within a two-week period if the days of rest fall on the first and last days of the two-week period.

An employer is permitted, upon joint request of its employees, to ask the Department to waive provision of the One Day of Rest in Seven Law in unusual circumstances. If the Department grants such a waiver, the employer can ask employees if they wish to volunteer to work without rest.

Minors under age 18, unless they are high school graduates or are not required to attend school, are limited to 6 days of work a week in all employments under the Child Labor law, and thus are not affected by this statute.

## RECORDS THAT EMPLOYERS MUST KEEP
Employers must keep the following records under the law for at least 3 years for each employee:
1. Name and address.
2. Date of Birth.
3. Date of entering and leaving employment.
4. Time of beginning and ending of work each day.
5. Time of beginning and ending of meal period:
   a. When the employee's meal periods are required or when such meal periods are to be deducted from work time.
   b. This requirement shall not apply when work is of such a nature that production or business activity ceases on a regularly scheduled basis.
6. Total number of hours worked per day and per week.
7. Rate of pay and wages paid each payroll period.
8. The amount of and reason for each deduction from the wages earned.
9. The employee's production, if paid on other than time basis.

## RECORDS OPEN TO THE EMPLOYEE:
Upon an employee's request, the employer must permit him or her to inspect certain personnel documents. Please refer to Section 103.13, Wis. Stats., for information that is more detailed.

## FILING OF CLAIMS OR COMPLAINTS:
To file claims or complaints, or to obtain more information about any of these provisions, contact the department's Equal Rights Division (except where otherwise noted) at either of these locations:

## EQUAL RIGHTS DIVISON

201 E Washington Ave
P O Box 8928
Madison WI 53708
608-266-6860
608-264-8752 TTY

819 N 6th St
Room 255
Milwaukee WI 53203
414-227-4384
414-227-4081 (TTY)

**Office Hours: Mon – Fri are 7:45 AM – 4:30 PM**

## THE FEDERAL LAWS:

The Fair Labor Standards Act, which is administered by the U.S. Dept. of Labor, may set overtime pay requirements for occupations or industries exempted by state law. It is the responsibility of the employer to determine liability under both laws. Complaints may also be filed with the following agency:

U.S. LABOR DEPT - WAGE AND HOUR DIV
740 REGENT STREET, SUITE 102
MADISON WI 53715
TELEPHONE (608) 441-5221

**The Department of Workforce Development does not discriminate based on disability in the provision of services or in employment. If you need this printed material interpreted or in a different form, or if you need assistance in using this service, please contact us. Deaf, hearing or speech-impaired callers may reach us by calling (608) 264-8752.**