UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY WICKE,
SHAWN SIMMONS,
and COLE KNUDSON

    Plaintiffs,

v.

L & C INSULATION, INC.,

    Defendant.

Case No. 12-CV-638

---

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter referred to as the "Agreement") is made and entered into by and among Jeremy Wicke, Shawn Simmons, and Cole Knudson (hereinafter respectively referred to as "Wicke, Simmons and Knudson") and L & C Insulation, Inc. (hereinafter referred to as "L & C").

Certain disputes have arisen between the parties, including but not limited to disputes relating to a certain action which is presently pending in the United States District Court for the Western District of Wisconsin, being Case No. 3:12-cv-638-wmc. The parties desire to compromise such disputed claims in accordance with this Agreement.

1.    Except to the extent otherwise provided herein, Wicke, Simmons and Knudson, with the intention of binding themselves and their heirs, executors, administrators, successors, dependents, and assigns, do hereby expressly release and discharge and covenant not to sue L & C, their successors, assigns, subsidiaries, attorneys, agents, directors, officers, and employees (expressly including Peter Gauchel and Jennifer Irons), from all claims, demands, actions, judgments, and executions arising out of any transaction, event, cause or thing whatsoever occurring prior to or on the date of this Agreement, excluding claims for workers compensation or unemployment compensation, which Wicke, Simmons



and Knudson, including their heirs, executors, administrators, successors, dependents and assigns, has ever had, now has or may have, known or unknown, foreseen or unforeseen, accrued or hereafter accruing, against L & C, their successors, assigns, subsidiaries, attorneys, agents, directors, officers, and employees, including but not limited to:

(a) All claims which were raised or could have been raised in said Case No. 3:12-cv-638-wmc;

(b) All claims relating to or arising out of Wicke's, Simmons' and Knudson's employment with or separation from L & C;

(c) All claims arising under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*;

(d) All claims arising under Wisconsin Statutes, including but not limited to Chapters 66, 103, 104, and 109, excluding claims for unemployment compensation or workers compensation;

(e) All claims arising under the Wisconsin Administrative Code, including but not limited to all Department of Workforce Development regulations, excluding claims for unemployment compensation or workers compensation;

(f) All claims for unpaid benefits or wages, including but not limited to claims for minimum wage or overtime compensation;

(g) All discrimination and retaliation claims arising under any state, federal, or local laws, regulations, and ordinances; and

(h) All claims for breach of contract, promissory estoppel, wrongful discharge, intentional infliction of emotional distress, and tortious conduct of any other kind or nature;

(i) All claims for attorney's fees, expert fees, expenses and court costs, including but not limited to any such claims relating to the Orders issued by the Court on

January 30, 2014 in said Case No. 3:12-cv-638-wmc pursuant to the offers of judgment made to and accepted by them.

2. Except to the extent otherwise provided herein, L & C and Peter Gauchel, with the intention of binding themselves and their successors, assigns, subsidiaries, attorneys, agents, directors, officers and employees hereby expressly releases, discharges and covenants not to sue Wicke, Simmons and Knudson, their heirs, executors, administrators, successors, dependents and assigns from all claims, demands, actions, judgments and executions arising out of any transaction, event, cause or thing whatsoever occurring prior to or on the date of this Agreement, which L & C and Peter Gauchel, including their successors, assigns, subsidiaries, attorneys, agents, directors, officers and employees have ever had, now have, or may have, known or unknown, foreseen or unforeseen, accrued or hereafter accruing against Wicke, Simmons and Knudson and their heirs, executors, administrators, successors, dependents and assigns, including:

    (a) All claims which were raised or could have been raised in Case No. 3:12-cv-638-wmc;

    (b) All claims relating to or arising out of Wicke's, Simmons' and Knudson's employment with L & C; and

    (c) All claims for attorney's fees, expert fees, expenses and court costs.

3. In consideration of this Agreement, L & C agrees to pay One Hundred Twelve Thousand Five Hundred Dollars ($112,500.00) allocated according to the following:

    (a) One payroll check made payable to Jeremy Wicke in the gross amount of Nine Thousand Four Hundred Sixty Three Dollars and Twenty Seven Cents ($9,463.27), less all applicable payroll deductions;

    (b) One non-payroll check made payable to Jeremy Wicke in the amount of One Thousand One Hundred One Dollars And Twenty Two Cents ($1,101.22);

(c) One payroll check made payable to Shawn Simmons in the gross amount of Two Thousand Three Hundred Forty Dollars and Seventy Three Cents ($2,340.73), less all applicable payroll deductions;

(d) One non-payroll check made payable to Shawn Simmons in the amount of Five Hundred Thirty Four Dollars and Sixteen Cents ($534.16);

(e) One payroll check made payable to Cole Knudson in the gross amount of Two Thousand Two Hundred Twenty Five Dollars and Ninety Two Cents ($2,225.92), less all applicable payroll deductions;

(f) One non-payroll check made payable to Cole Knudson in the amount of One Thousand Ten Dollars and Forty Nine Cents ($1,010.49); and

(g) One check made payable to The Previant Law Firm, S.C. (Tax Payer ID: 391211596) in the amount of Ninety Five Thousand Eight Hundred Twenty Four Dollars and Twenty One Cents ($95,824.21).

Such payments will be made by sending all payments to The Previant Law Firm, S.C. within 10 days after this Agreement becomes effective and enforceable, as provided herein. It is understood that L & C may issue W-2's and/or 1099's with respect to such payments. Wicke, Simmons and Knudson agree to pay the employee's share of any taxes due on such payments. L&C agrees to pay the employer's share of any taxes due on such payments.

4. This Agreement shall be enforceable or effective after it is signed by all the parties, is filed with the Court and approved by the Court and the case is dismissed without prejudice, subject to reopening if there is not compliance with paragraph 3 of this Agreement concerning payment of the amounts set forth therein as set forth in Exhibit A or similar format. Wicke, Simmons and Knudson further agree that they will submit to the Court an Agreed Final Order of Dismissal in the form attached hereto and incorporated by reference as Exhibit B with respect to said Case No. 3:12-cv-638-wmc, upon

receipt of the amounts set forth in paragraph 3 of this Agreement, into the recipients' bank accounts following prompt deposit of the checks itemized in paragraph 3 into said accounts. Wicke, Simmons and Knudson represent that no appeal will be filed pertaining to any issues of any kind or nature with respect to said Case No. 3:12-cv-638-wmc, including but not limited to any issues pertaining to collective action or class action certification. Wicke, Simmons and Knudson further agree that neither they nor their counsel will file with the Court any cost bill relating to cost incurred by them with respect to said Case No. 3:12-cv-638-wmc. In addition, Simmons and Knudson agree that their counsel will file a Satisfaction of Judgment in the form attached as Exhibit C promptly upon the filing of the Agreed Order of Final Dismissal.

5. Wicke, Simmons and Knudson further agree to promptly dismiss or withdraw any other complaints or claims of any kind or nature that they have filed with any court or administrative agency, including but not limited to the Labor Standards Complaint filed by Wicke with the Wisconsin Department of Workforce Development, ERD Case No. LS201201844.

6. It is the intention of the parties that this Agreement fully and finally resolve any disputes between them. Therefore, if Wicke, Simmons, Knudson, L&C, or Peter Gauchel, initiate, file, or pursue, cause to be initiated, filed, or pursued any grievance, complaint, charge, or other allegation, however denominated, with respect to the matters released herein, the party against whom the action is brought will be entitled to recover any expenses and attorney's fees which may be incurred as a result.

7. This Agreement contains the entire agreement between the parties and supersedes all prior offers, understandings and agreements concerning the subject matter. This Agreement may only be modified by a writing signed by all parties. A waiver of any provision of this Agreement in the event of breach thereof shall not constitute a waiver of that or any other provision in the event of any subsequent breach or breaches. This Agreement has been the product of arm's length negotiations between the parties, and shall be construed without regard to the identity of the drafter. It is understood

that this Agreement inures to the benefit of certain designated individuals and entities, and that such individuals and entities are intended third party beneficiaries, and may enforce this Agreement in that capacity.

9. The parties represent that they have not assigned to any other person or entity any of the claims released herein.

10. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. Wicke, Simmons and Knudson acknowledge that they are aware of their right to consult with and have consulted with legal counsel prior to signing this Agreement. Wicke, Simmons and Knudson further have been advised of or are aware of their right to file legal proceedings or consult with or file a charge with the appropriate administrative agency or agencies, including but not limited to the United States Department of Labor and the Wisconsin Department of Workforce Development, and that by signing this Agreement they are giving up remedies that may be available to them.

12. The parties have read this Agreement, understand all of its terms, and execute it voluntarily and with full knowledge of its significance.

Dated: _____

_____
Jeremy Wicke

_____
Shawn Simmons

_____
Cole Knudson

L & C Insulation, Inc.

By:_____
Peter Gauchel, President

## Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **JEREMY WICKE, et al.** | Case No. 3:12-cv-638-wmc |
| Plaintiffs, | |
| | **APPROVAL AND DISMISSAL** |
| | **WITHOUT PREJUDICE** |
| v. | |
| **L & C INSULATION, INC.** | |
| Defendant. | |

Based upon an agreement of the parties which has been reviewed and approved by the Court, this case is hereby dismissed without prejudice, subject to reopening if there is not compliance with the provisions of the parties' approved agreement concerning payment of the amounts set forth therein. In accordance with the parties' agreement, after receipt of the amounts set forth in the parties' agreement, Plaintiffs will file and the Court will then enter an Agreed Final Order of Dismissal.

SO ORDERED.

_____

JUDGE WILLIAM M. CONLEY

Agreed:

| | |
|---|---|
| Marianne Goldstein Robbins (WI Bar No. 1015168) | Stephen A. Watring (OH Bar No. 0007761) |
| Frederick Perillo (WI Bar No. 1002870) | DUNLEVEY, MAHAN & FURRY |
| Yingtao Ho (WI Bar No. 1045418) | 110 North Main Street, Suite 1000 |
| THE PREVIANT LAW FIRM, S.C. | Dayton, Ohio 45402 |
| 1555 N. RiverCenter Drive, #202 | Ph: (937) 223-6003 |
| Milwaukee, WI 53212 | Fax: (937) 223-8550 |
| Ph: (414) 271-4500 | Email: saw@dmfdayton.com |
| Fax: (414) 271-6308 | Attorney for Defendant |
| Email: mgr@previant.com; fp@previant.com; yh@previant.com | |
| Attorneys for Plaintiffs | |

**Exhibit B**

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **JEREMY WICKE, et al.** | : | Case No. 3:12-cv-638-wmc |
| Plaintiffs, | : | |
| | : | **AGREED FINAL ORDER OF DISMISSAL** |
| v. | : | |
| **L & C INSULATION, INC.** | : | |
| Defendant. | : | |

Based upon an agreement of the parties which has been reviewed and approved by the Court, this case is hereby dismissed in its entirety, with prejudice, as to all claims which were made or could have been made in this action.

SO ORDERED.

_____
JUDGE WILLIAM M. CONLEY

Agreed:

| | |
|---|---|
| Marianne Goldstein Robbins (WI Bar No. 1015168) | Stephen A. Watring (OH Bar No. 0007761) |
| Frederick Perillo (WI Bar No. 1002870) | DUNLEVEY, MAHAN & FURRY |
| Yingtao Ho (WI Bar No. 1045418) | 110 North Main Street, Suite 1000 |
| THE PREVIANT LAW FIRM, S.C. | Dayton, Ohio 45402 |
| 1555 N. RiverCenter Drive, #202 | Ph: (937) 223-6003 |
| Milwaukee, WI 53212 | Fax: (937) 223-8550 |
| Ph: (414) 271-4500 | Email: saw@dmfdayton.com |
| Fax: (414) 271-6308 | Attorney for Defendant |
| Email: mgr@previant.com; fp@previant.com; yh@previant.com | |
| Attorneys for Plaintiffs | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hereby filed electronically this ___ day of _____, 2014. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt. Parties and their counsel may access this filing through the Court's system.

_____
Marianne Goldstein Robbins (WI Bar No. 1015168)

<u>Exhibit C</u>

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **JEREMY WICKE, et al.** | : | Case No. 3:12-cv-638-wmc |
| Plaintiffs, | : | |
| | : | **NOTICE OF SATISFACTION OF** |
| | : | **JUDGMENTS** |
| v. | : | |
| | : | |
| **L & C INSULATION, INC.** | : | |
| | : | |
| Defendant. | : | |

Plaintiffs' counsel hereby gives notice that all orders of judgment and judgments entered in this case have been fully satisfied.

Respectfully submitted,

_____
Marianne Goldstein Robbins (WI Bar No. 1015168)
Frederick Perillo (WI Bar No. 1002870)
Yingtao Ho (WI Bar No. 1045418)
THE PREVIANT LAW FIRM, S.C.
1555 N. RiverCenter Drive, #202
Milwaukee, WI 53212
Ph: (414) 271-4500
Fax: (414) 271-6308
Email: mgr@previant.com; fp@previant.com; yh@previant.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hereby filed electronically this ___ day of _____, 2014. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt. Parties and their counsel may access this filing through the Court's system.

_____
Marianne Goldstein Robbins (WI Bar No. 1015168)

that this Agreement inures to the benefit of certain designated individuals and entities, and that such individuals and entities are intended third party beneficiaries, and may enforce this Agreement in that capacity.

9. The parties represent that they have not assigned to any other person or entity any of the claims released herein.

10. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. Wicke, Simmons and Knudson acknowledge that they are aware of their right to consult with and have consulted with legal counsel prior to signing this Agreement. Wicke, Simmons and Knudson further have been advised of or are aware of their right to file legal proceedings or consult with or file a charge with the appropriate administrative agency or agencies, including but not limited to the United States Department of Labor and the Wisconsin Department of Workforce Development, and that by signing this Agreement they are giving up remedies that may be available to them.

12. The parties have read this Agreement, understand all of its terms, and execute it voluntarily and with full knowledge of its significance.

Dated: 9/9/2014

_____
Jeremy Wicke

_____
Shawn Simmons

_____
Cole Knudson


L & C Insulation, Inc.

By:_____
Peter Gauchel, President

that this Agreement inures to the benefit of certain designated individuals and entities, and that such individuals and entities are intended third party beneficiaries, and may enforce this Agreement in that capacity.

9. The parties represent that they have not assigned to any other person or entity any of the claims released herein.

10. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. Wicke, Simmons and Knudson acknowledge that they are aware of their right to consult with and have consulted with legal counsel prior to signing this Agreement. Wicke, Simmons and Knudson further have been advised of or are aware of their right to file legal proceedings or consult with or file a charge with the appropriate administrative agency or agencies, including but not limited to the United States Department of Labor and the Wisconsin Department of Workforce Development, and that by signing this Agreement they are giving up remedies that may be available to them.

12. The parties have read this Agreement, understand all of its terms, and execute it voluntarily and with full knowledge of its significance.

Dated: 9/11/2014

Jeremy Wicke

_____
Shawn Simmons

_____
Cole Knudson


L & C Insulation, Inc.

By:_____
Peter Gauchel, President

that this Agreement inures to the benefit of certain designated individuals and entities, and that such individuals and entities are intended third party beneficiaries, and may enforce this Agreement in that capacity.

9. The parties represent that they have not assigned to any other person or entity any of the claims released herein.

10. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. Wicke, Simmons and Knudson acknowledge that they are aware of their right to consult with and have consulted with legal counsel prior to signing this Agreement. Wicke, Simmons and Knudson further have been advised of or are aware of their right to file legal proceedings or consult with or file a charge with the appropriate administrative agency or agencies, including but not limited to the United States Department of Labor and the Wisconsin Department of Workforce Development, and that by signing this Agreement they are giving up remedies that may be available to them.

12. The parties have read this Agreement, understand all of its terms, and execute it voluntarily and with full knowledge of its significance.

Dated: 9-9-14

_____
Jeremy Wicke

_____
Shawn Simmons

_____
Cole Knudson


L & C Insulation, Inc.

By:_____
Peter Gauchel, President

that this Agreement inures to the benefit of certain designated individuals and entities, and that such individuals and entities are intended third party beneficiaries, and may enforce this Agreement in that capacity.

9. The parties represent that they have not assigned to any other person or entity any of the claims released herein.

10. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. Wicke, Simmons and Knudson acknowledge that they are aware of their right to consult with and have consulted with legal counsel prior to signing this Agreement. Wicke, Simmons and Knudson further have been advised of or are aware of their right to file legal proceedings or consult with or file a charge with the appropriate administrative agency or agencies, including but not limited to the United States Department of Labor and the Wisconsin Department of Workforce Development, and that by signing this Agreement they are giving up remedies that may be available to them.

12. The parties have read this Agreement, understand all of its terms, and execute it voluntarily and with full knowledge of its significance.

Dated: 9-9-14

_____
Jeremy Wicke

_____
Shawn Simmons

_____
Cole Knudson

L & C Insulation, Inc.
By: _____
Peter Gauchel, President